HENRY G. CROUCH, RESPONDENT, v. WILLIAM M. HAYES, AS TREASURER OF THE COUNTY OF ULSTER, APPELLANT.

*Publishing a list of lands, the taxes on which are unpaid, in Ulster county—1878, chap. 65, sec. 6; 1869, chap. 831 — fees for publishing such list.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

Section 6 of chapter 65, Laws of 1878, the provisions of which are applicable to the county of Ulster, required the defendant, as treasurer of the said county, "to cause to be published, at least once in each week, for six weeks, in the two public newspapers designated by the board of supervisors of said counties for the publication of the session laws, a list or statement of the real estate" liable to be sold for taxes in that county, and a notice of the time and place of the sale thereof, "the publishing of the said notice not to exceed the sum of two dollars for each newspaper so publishing each of the several notices."

The plaintiff's newspaper had been thus designated by the board of supervisors. The defendant, as treasurer, in 1879, delivered to the plaintiff, for publication in his newspaper, the list and notice of sale. The plaintiff caused it to be published in his newspaper the number of times prescribed by the statute. The list separately specified 699 parcels of land.

The plaintiff claimed that the defendant, as treasurer, contracted with him for the publication thereof at the rate of two dollars for each parcel of land. Upon the trial he recovered judgment at that rate, the court finding that the defendant agreed to pay that sum.

The court at General Term, after holding that the evidence did not establish any contract with the defendant, said : " The law, however, fixed the plaintiff's fees, and the defendant, in the execution of his official duties, had no right to make any contract to increase them. Chapter 831, Laws of 1869, provides that the proprietor of any newspaper ' may charge and collect for publishing any notice.  *  *  *  or other advertisement, *required by law to be published*, not more than seventy-five cents per folio for the first insertion, and fifty cents for each subsequent insertion.'

" The law required this advertisement to be published, and therefore the above fee bill applies. The provision of section 6 of the act first cited, that 'the publishing of the said notice is not to exceed the sum of two dollars for each newspaper so publishing each of the several notices,' is entirely consistent with the act of 1869, and, upon familiar principles, the two must be construed together. So construed, the plaintiff's fees would be per folio, and not exceeding two dollars per lot, and so measured would not exceed $588.75.

" The twefth section of chapter 65, Laws 1878, enacts that, where no provision on the subject is made in this act, all the general laws in the State in relation to the assessment and collection of taxes, and the redemption of land sold for taxes shall be in force in the county of Ulster, with the modification that the duties of the comptroller with respect thereto are devolved upon the county treasurer.

" The act of 1878 does not specify how the printer shall get his pay for publishing the advertisement in question, but the general law provides that the expense thereof shall be audited by the comptroller and paid out of the treasury of the State, on receiving one copy of the newspaper containing the same, with an affidavit of such list or statement. (Chap. 427, Laws 1855, § 34; 1 R. S. [6th ed.], 963, § 78.)

" Substituting the county treasurer for comptroller, and the treasurer will audit the account when properly verified, and pay the same out of the county treasury. The affidavit becomes one of the muniments of title of the purchaser of the land."

*William S. Kenyon, Jr.,* for the appellant.

*Wm. Lounsbery,* for the respondent.

Opinion by LANDON, J.; LEARNED, P. J. and BOARDMAN, J., concurred.

Judgment reversed, new trial granted, costs to abide event.